IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEET METAL WORKERS LOCAL #218(S) PENSION FUND, derivatively on behalf of CHIQUITA BRANDS INTERNATIONAL, INC.,<br><br>         Plaintiff,<br><br>  v.<br><br>RODERICK M. HILLS, et al.,<br><br>         Defendants,<br><br>  - and -<br><br>CHIQUITA BRANDS INTERNATIONAL, INC.,<br><br>         Nominal Defendant. | No. 1:07-cv-01957-PLF |
| HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS, derivatively on behalf of CHIQUITA BRANDS INTERNATIONAL, INC.,<br><br>         Plaintiff,<br><br>  v.<br><br>RODERICK M. HILLS, et al.,<br><br>         Defendants,<br><br>  - and -<br><br>CHIQUITA BRANDS INTERNATIONAL, INC.,<br><br>         Nominal Defendant. | No. 1:08-cv-00081-PLF |

**MOTION TO DEFER BRIEFING ON PLAINTIFF'S MOTION
TO CONSOLIDATE SHAREHOLDER DERIVATIVE ACTIONS
AND ESTABLISH A LEADERSHIP STRUCTURE
<u>AND REQUEST FOR EXPEDITED BRIEFING ON THIS MOTION</u>**

Nominal Defendant Chiquita Brands International, Inc. respectfully requests a deferral of briefing on the Hawaii Annuity Trust Fund's motion to consolidate related shareholder derivative actions and establish a leadership structure.

These cases and six others are the subject of a pending motion before the Judicial Panel on Multidistrict Litigation ("MDL Panel") for centralization before a single judge ("MDL Motion"). As a result, the Hawaii Annuity Trust Fund's motion for consolidation and for appointment of itself as lead plaintiff is premature: if the MDL Panel transfers the cases to another district, the issues raised by the motion should be decided by the transferee judge, and regardless of where the MDL Panel transfers the cases, all parties should have a chance to be heard. Chiquita therefore requests that no opposition papers be due until thirty days after the MDL Motion is decided. Opposition papers would otherwise be due February 8, 2008.

Because of the time sensitive nature of this request, Chiquita also requests that the Court order an expedited briefing schedule for Chiquita's motion to defer briefing, whereby the Hawaii Annuity Trust Fund's response will be due on or before Wednesday, January 30, 2008 and Chiquita's reply will be due on or before Thursday, January 31, 2008. In support of this request, Chiquita states as follows:

1. Chiquita's MDL Motion (*see* Docket Entry #12), is scheduled for a hearing before the MDL Panel on January 30, 2008. The motion seeks to transfer two derivative suits pending outside this District – (1) a case filed on October 12, 2007 in the Southern District of Ohio and (2) a case filed on December 17, 2007 in the District of New Jersey – to this Court for consolidated or coordinated pretrial proceedings with the two above-captioned derivative cases currently pending in this Court. The MDL Motion also requests transfer of related cases brought against Chiquita under the Alien Tort Statute.

2

2.  The Hawaii Annuity Trust Fund first brought its derivative suit against nominal defendant Chiquita in New Jersey Superior Court on October 30, 2007. On January 7, 2008, the New Jersey Superior Court dismissed the Hawaii Annuity Trust Fund's action without prejudice as to all individual defendants, in favor of the first-filed derivative suit pending in the Southern District of Ohio, on the grounds of comity and judicial economy. On January 15, 2008, the Hawaii Annuity Trust Fund re-filed its case in this Court.

3.  On Friday, January 25, 2008, before it had served any defendant in this action, the Hawaii Annuity Trust Fund filed a motion to consolidate its action, for all purposes, with all similar shareholder derivative actions pending in or later transferred to this District. The motion also requests that this Court establish a leadership structure to direct the prosecution of the consolidated action, appointing the Hawaii Annuity Trust Fund as Lead Derivative Plaintiff and approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead derivative counsel. In other words, plaintiff's counsel seeks to have the Court select a lead plaintiff and lead counsel without any of the other derivative plaintiffs having an opportunity to be heard.

4.  Under the time provided by Local Civil Rule 7 and Federal Rule 6(e), opposition to the Hawaii Annuity Trust Fund's motion would be due on Friday, February 8, 2008.

5.  Chiquita respectfully submits that it would not be efficient or appropriate to require briefing on the Hawaii Annuity Trust Fund's motion until the issue of the MDL transfer is resolved, which is unlikely to occur prior to February 8, 2008. The MDL procedure gives the transferee Judge the discretion to determine the extent of pre-trial consolidation and coordination of actions. Plaintiffs in some of these cases have requested that the MDL Panel

transfer these cases to another district – either the Southern District of Ohio, or the Southern District of Florida. Thus, it is possible that the MDL Panel will grant Chiquita's request to centralize these cases, but transfer them to a different district. Plaintiff's motion should not be decided without the participation of the potential transferee judge. Nor should plaintiff's counsel be permitted to "win the money race" through appointment as lead counsel[1] without the other contestants so much as being notified that the starting gun has sounded.

6.  In short, the premature filing of this motion to consolidate and appoint lead counsel would prejudice decisions in the MDL proceeding without the participation of other potential plaintiffs' counsel or the potential transferee judge. The Hawaii Annuity Trust Fund will not be prejudiced, however, by the adjournment Chiquita seeks. For this reason, Chiquita's counsel did not consent to Coughlin Stoia's motion. Chiquita's counsel informed Coughlin Stoia that Chiquita views the motion as premature prior to resolution of the MDL issue. Coughlin Stoia provided no explanation as to why their motion should proceed prior to a decision on the MDL and gave no advance notice to Chiquita's counsel that they planned to file on Friday, January 25.

7.  Chiquita therefore requests that this Court order that further briefing on the motion be postponed until thirty days after the MDL Motion is decided. If the extension is granted, Chiquita would have no objection to the Court granting the Hawaii Annuity Trust Fund additional time to file their reply papers.

8.  Under Local Civil Rule 7 and Federal Rule 6(e), the Hawaii Annuity Trust Fund's opposition to Chiquita's motion to defer briefing is not due until February 11, 2008 –

---

[1] *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 149 (D. Del. 2005).

4

three days after opposition briefs would be due under the current schedule. Chiquita therefore also requests that the Court order an expedited briefing schedule for this motion and require plaintiffs to respond on or before Wednesday, January 30, 2008. Chiquita would submit a reply on or before Thursday, January 31, 2008.

WHEREFORE, Chiquita respectfully requests that the Court (1) order an expedited briefing schedule for this motion whereby the Hawaii Annuity Trust Fund's response shall be due on or before Wednesday, January 30, 2008. Chiquita would submit a reply on or before Thursday, January 31, 2008; and (2) defer all parties' time to file opposition briefs to the motion to consolidate and appoint a leadership structure until thirty days after the MDL Motion is decided.

                                                  Respectfully submitted,

                                                  /s/ Eric H. Holder, Jr.

                                                  Eric H. Holder, Jr. (D.C. Bar No. 303115)
                                                  Jenny R. Mosier (D.C. Bar No. 488486)
                                                  COVINGTON & BURLING LLP
                                                  1201 Pennsylvania Avenue, N.W.
                                                  Washington, D.C. 20004-2401
                                                  Telephone: (202) 662-6000
                                                  Facsimile: (202) 662-6291

                                                  Jonathan M. Sperling
                                                  The New York Times Building
                                                  620 Eighth Avenue
                                                  New York, NY 10018-1405
                                                  Telephone: (212) 841-1000
                                                  Facsimile: (202) 841-1010

                                                  *Counsel to Defendant*
Dated:        January 28, 2008        *Chiquita Brands International, Inc.*

Case 1:08-cv-00081-PLF   Document 9   Filed 01/28/2008   Page 6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of Nominal Defendant Chiquita's Motion to Defer Briefing on Plaintiff's Motion to Consolidate Shareholder Derivative Actions and Request for Expedited Briefing on This Motion and Proposed Order were served upon:

Roger M. Adelman
Law Offices of Roger M. Adelman
1100 Connecticut Ave., NW, Suite 730
Washington, DC 20036
Tel: (202) 822-0600

*Counsel for Plaintiffs Sheet Metal Workers Local #218 (S) Pension Fund and Hawaii Annuity Trust Fund for Operating Engineers*

Jonathan W. Cuneo
Cuneo Gilbert & Laduca LLP
507 C Street, NE
Washington, D.C. 20002
(202) 789-1813

*Counsel for Plaintiff Sheet Metal Workers Local #218 (S) Pension Fund*

Arthur C. Leahy
Amber L. Eck
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 231-1058

*Counsel for Plaintiff Hawaii Annuity Trust Fund for Operating Engineers*

by electronic filing under the Rules of this Court on this 28th day of January, 2008.

                                          /s/ Eric H. Holder, Jr.
                                          Eric H. Holder, Jr.

                                        *Attorney for Nominal Defendant Chiquita Brands International Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEET METAL WORKERS LOCAL #218(S) PENSION FUND, derivatively on behalf of CHIQUITA BRANDS INTERNATIONAL, INC., <br><br>                                       **Plaintiff,** <br><br>       v. <br><br> RODERICK M. HILLS, et al., <br><br>                                       **Defendants.** <br><br>       - and - <br><br> CHIQUITA BRANDS INTERNATIONAL, INC., <br><br>                               **Nominal Defendant.** | No. 1:07-cv-01957-PLF |
| **HAWAII ANNUITY TRUST FUND FOR OPERATING ENGINEERS, derivatively on behalf of CHIQUITA BRANDS INTERNATIONAL, INC.,** <br><br>                                       **Plaintiff,** <br><br>       v. <br><br> RODERICK M. HILLS, et al., <br><br>                                       **Defendants.** <br><br>       - and - <br><br> CHIQUITA BRANDS INTERNATIONAL, INC., <br><br>                               **Nominal Defendant.** | No. 1:08-cv-00081-PLF |

[PROPOSED] ORDER

2

      Upon consideration of Nominal Defendant Chiquita Brands International, Inc.'s motion to defer briefing on the Hawaii Annuity Trust Fund For Operating Engineer's motion to consolidate related shareholder derivative actions and establish a leadership structure, it is this ___ day of _____ 2008, hereby ORDERED that Chiquita's motion is GRANTED. Opposition briefs shall be due no later than thirty days after a ruling by the Judicial Panel on Multidistrict Litigation on Chiquita's motion to centralize these and other related actions in this Court for coordinated or consolidated pretrial proceedings.

 

                                                         PAUL L. FRIEDMAN
                                                         United States District Judge